**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 2000-746 |
| | ) | |
| JAVIELA DIAZ-NIN, | ) | |
| | ) | |
| Defendants. | ) | |

**ATTORNEYS:**

**Nelson L Jones, AUSA**
St. Thomas, U.S.V.I.
   *For the plaintiff,*

**Thurston T. McKelvin, Esq.**
St. Thomas, U.S.V.I.
   *For the defendant.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Javiela Diaz-Nin ("Diaz-Nin") was charged with illegally reentering the United States after being deported. Following a bench trial conducted by the United States Magistrate Judge, Diaz-Nin was convicted. Diaz-Nin appeals from the Magistrate Judge's August 8, 2008, judgment of conviction.

*United States v. Diaz-Nin*
Criminal No. 2000-746
Memorandum Opinion
Page 2

### I.  FACTS

On December 28, 2000, the United States of America (the "Government") filed a single-count criminal information against Diaz-Nin.  The information charges:

> On or about December 2, 2000 at st. John in the District of the Virgin Islands, defendant,
>
> JAVIELA DIAZ-NIN,
>
> an alien, entered and was found in the United States after having been denied admission, excluded, deported and removed therefrom on or about November 7, 1997, and having not obtained the express consent of the Attorney General of the united States for reapplication by the defendant for admission into the United States,
>
> In violation of Title 8, united States Code, section 1326(a) and (b)(2).

(Information 1, Dec. 28, 2000.)

On January 10, 2001, Diaz-Nin was arraigned on the charge asserted in the December 28, 2000, information.  At her arraignment, Diaz-Nin demanded a trial by jury.

Diaz-Nin moved to suppress the written order memorializing her prior deportation.  On February 22, 2002, the district judge entered an Order granting Diaz-Nin's motion for suppression of the deportation order.

On April 28, 2004, Diaz-Nin was tried before the Magistrate Judge, without a jury.  At the bench trial, Special Agent Kirk Thomas, of the Department of Homeland Security, Immigration and

*United States v. Diaz-Nin*  
Criminal No. 2000-746  
Memorandum Opinion  
Page 3

Customs Enforcement ("ICE") testified on behalf of the Government. Special Agent Thomas testified that, in December, 2000, he approached Diaz-Nin after she had been observed handing a package to a suspected illegal alien. He explained that Diaz-Nin told him that she was a citizen of the Dominican Republic and that

> she came in [to the country] on a vessel with about 15 illegal aliens.
>
> . . .
>
> Ms. Nin indicated she paid about $800, to be smuggled into the United States, to an unknown captain.

(Trial Tr. 14-15, April 28, 2004.) Special Agent Thomas further stated that a fingerprint check revealed that Diaz-Nin had been previously deported. At the conclusion of the trial, the Magistrate Judge took the matter under advisement.

On December 4, 2006, the Magistrate Judge entered a written verdict, stating:

> As a result of the Bench Trial held on April 28, 2004, . . . and considering all facts in evidence, I find the defendant JAVIELA DIAZ-NIN **GUILTY,** beyond any reasonable doubt, of the single charge of violation of Title 8 U.S.C. [§] 1326.

(Verdict 1, Dec. 14, 2006.) The Magistrate Judge also issued memorandum opinion in support of the guilty verdict.

*United States v. Diaz-Nin*
Criminal No. 2000-746
Memorandum Opinion
Page 4

  On December 12, 2007, the Magistrate Judge conducted a sentencing hearing for Diaz-Nin's conviction on Count One of the information in this matter. At the beginning of the hearing, the defense attorney expressed a concern that Diaz-Nin's conviction was flawed because the Magistrate Judge lacked jurisdiction to try her for the offense of reentry after deportation in violation of 18 U.S.C. § 1326(a) ("Section 1326(a)"), as charged in the information. The defense attorney then engaged in the following exchange with the Magistrate Judge:

> THE COURT: But I -- I didn't find her -- I didn't make any findings with respect to that. I just found her guilty of an unlawful entry, didn't I?
>
> [DEFENSE ATTORNEY]: No, sir. . . .
>
>     . . .
>
>  [I]n the granting of the motion to -- to suppress . . . what [the district judge] did was of course disallow the government to use the suppressed material in their case in chief --
>
> THE COURT: Mm-hmm.
>
> [DEFENSE ATTORNEY:] . . . . And in this instance it was one count, reentry after the deportation. You can't use the suppressed materials, Government, in the reentry after deportation charge. . . .
>
> THE COURT: Mm-hmm.
>
> [DEFENSE ATTORNEY:] . . . . Well, in some kind of way we ended up before the Magistrate; however, the charging document, the information, was never amended or – or changed. . . .

*United States v. Diaz-Nin*
Criminal No. 2000-746
Memorandum Opinion
Page 5

    THE COURT: Mm-hmm.

(Sentencing Hr'g Tr. 5-6, Dec. 12, 2007.)

 During the course of the December 12, 2007, sentencing hearing, the prosecutor stated that, in his recollection,

> prior to the commencement of the trial involving Ms. Nin, both counsel, Public Defender's Office and the Government, informed the Court that we were proceeding on the lesser included offense of count one, being entry without inspection.

(*Id.* at 17.) However, the prosecutor indicated that it would be necessary to review a transcript of Diaz-Nin's bench trial in order to determine for sure what was done. The Magistrate Judge then continued the sentencing hearing to give the parties an opportunity to review the trial transcript.

 On August 6, 2008, the Magistrate Judge conducted a second sentencing hearing for Diaz-Nin. During the August 6, 2008, hearing, the defense attorney renewed his objection to Diaz-Nin's conviction on grounds that the Magistrate Judge lacked jurisdiction to try her for violating Section 1326(a). At the conclusion of the hearing, the Magistrate Judge imposed the following sentence on Diaz-Nin:

> Ms. Nin, on the conviction of unlawful entry -- of the offense of unlawful entry, it's the sentence of the Court that you be incarcerated for the period of time which you've served awaiting the disposition of these proceedings, together with an additional seven days, during which the authorities will arrange for your transfer from the marshals to the

*United States v. Diaz-Nin*
Criminal No. 2000-746
Memorandum Opinion
Page 6

>administrative process of the Immigration authorities.

(Sentencing Hr'g Tr. 9, Aug. 6, 2008.)  The prosecutor then stated:

>[PROSECUTOR:] Your Honor, just one other thing.
>
>I think the verdict form need to be amended, or corrected, as well.
>
>THE COURT: In what respect?
>
>[PROSECUTOR:] It indicates that the Court found the defendant guilty of the violation of Title 18 [U.S.C. §] 1326, and it should be 1325.
>
>THE COURT: Okay.  The form will be so amended.
>
>The conviction was for unlawful entry, and not for, not for reentry.  The reentry aspects were suppressed.

(*Id.* at 10.)  The defense attorney again noted his objection for the record.

On August 8, 2008, the Magistrate Judge entered an order amending the December 14, 2006, verdict and memorandum opinion to state that Diaz-Nin was found guilty of violating 18 U.S.C. § 1325(a) ("Section 1325"), instead of Section 1326(a).  Also on August 8, 2008, the Magistrate entered a written judgment indicating that Diaz-Nin had been adjudged guilty of violating Section 1325(a), and sentencing Diaz-Nin to time served plus seven days.

*United States v. Diaz-Nin*
Criminal No. 2000-746
Memorandum Opinion
Page 7

On August 12, 2008, Diaz-Nin timely filed a notice of appeal from the Magistrate Judge's August 8, 2008, judgment.[1]

## II. **ANALYSIS**

Diaz-Nin argues that her conviction in this matter should be vacated because the Magistrate Judge did not have the authority to try her for the offense with which she was charged: unlawful reentry after deportation, in violation of Section 1326(a).

Pursuant to 28 U.S.C. § 636(a)(3), a United States magistrate judge has "the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section[.]" The relevant portion of 18 U.S.C. § 3401 provides:

> When specially designated to exercise such jurisdiction by the district court or courts he serves, any United States magistrate judge shall have jurisdiction to try persons accused of, and sentence persons convicted of, *misdemeanors* committed within that judicial district.

18 U.S.C. § 3401(a) (emphasis added).

Furthermore,

> [a]ny person charged with a misdemeanor, other than a petty offense may elect, however, to be tried before a district judge for the district in which the offense was committed. The magistrate judge

---

[1] Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), "a defendant may appeal a magistrate judge's conviction or sentence to a district judge within 10 days of its entry." Fed. R. Crim. P. 58(g)(2)(B).

*United States v. Diaz-Nin*
Criminal No. 2000-746
Memorandum Opinion
Page 8

> shall carefully explain to the defendant that he has a right to trial, judgment, and sentencing by a district judge and that he may have a right to trial by jury before a district judge or magistrate judge. The magistrate judge may not proceed to try the case unless the defendant, after such explanation, expressly consents to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge. Any such consent and waiver shall be made in writing or orally on the record.

*Id.* at § 3401(b).

There is no statutory provision authorizing magistrate judges to conduct trials of persons accused of felony offenses. Moreover, the Supreme Court of the United States has made clear that "the carefully defined grant of authority to conduct trials of civil matters and of minor criminal cases should be construed as an implicit withholding of the authority to preside at a felony trial." *Gomez v. United States*, 490 U.S. 858, 872, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). Under federal law, all offenses that carry a maximum penalty in excess of one year are felonies. *See* 18 U.S.C. § 3559(a)(1)-(5).

Here, Diaz-Nin was charged and tried for violating Section 1326(a), which carries a maximum penalty of two years imprisonment. *See* 8 U.S.C. § 1326(a). As such, the Magistrate Judge lacked the authority to conduct the trial of Diaz-Nin for the felony offense of reentry after deportation. *See Gomez,* 490 U.S. at 872.

*United States v. Diaz-Nin*
Criminal No. 2000-746
Memorandum Opinion
Page 9

Furthermore, even if -- as the prosecutor suggested at the December 12, 2007, sentencing hearing -- the Government had proceeded under the assumption that Diaz-Nin was being tried for a misdemeanor violation of Section 1325(a)[2] as a lesser-included offense of Section 1326(a), the Magistrate Judge would have had to be specially designated to do so by the district judge. *See* 18 U.S.C. § 3401(a). Additionally, the Magistrate Judge would have been required to advise Diaz-Nin of her right to be tried by a district judge and obtain her consent and waiver of such right. However, there is no evidence in the record that the Magistrate Judge was specially designated by the district judge to conduct the trial of Diaz-Nin, or that the requisite consent and waiver was ever obtained.

Moreover, while a defendant may be convicted of a lesser included offense of that charged, *see* Fed. R. Crim. P. 31, Section 1325(a) is not a lesser-included offense of Section 1326(a). A lesser-included offense is one that has elements which are a subset of the greater offense and does not contain any elements not required to prove the greater offense. *See*

---

[2] A violation of Section 1325(a) may be either a misdemeanor or a felony. *See* 8 U.S.C. § 1325(a) (stating that the first commission of entry without inspection carries a maximum penalty of six months imprisonment, and all subsequent commissions carry a maximum penalty of two years imprisonment).

*United States v. Diaz-Nin*
Criminal No. 2000-746
Memorandum Opinion
Page 10

*Schmuck v. United States,* 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989).

To sustain a conviction under Section 1326(a), the Government must prove that: "(1) the defendant is an alien; (2) the defendant was deported or removed in accordance with a valid deportation order; and (3) the defendant has unlawfully reentered the United States." *United States v. Ntreh*, 142 Fed. Appx. 106, 110 (3d Cir. Aug. 1, 2005) (unpublished). To succeed on a prosecution for a violation of Section 1325(a), the Government must prove that: (1) the defendant is an alien; and (2) the defendant either (i) entered or attempted to enter the United States at any time or place other than as designated by immigration officers, (ii) eluded examination or inspection by immigration officers, or (iii) attempted to enter or obtained entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact. United States v. Varela-Garcia, 87 Fed. Appx. 795, 798 (3d Cir. Jan. 26, 2004) (unpublished).

"[U]nlike [Section] 1325(a), which requires the government to prove how the entry was effected, [Section] 1326(a) only requires a showing of the mere fact of entry." *United States v. Flores-Peraza*, 58 F.3d 164, 168 (5th Cir. 1995). Thus, because Section 1325(a) requires proof of elements that Section 1326(a)

*United States v. Diaz-Nin*
Criminal No. 2000-746
Memorandum Opinion
Page 11

does not, it is not a lesser-included offense of Section 1326(a). *See, e.g., United States v. Aguilar,* 292 Fed. Appx. 622, 623 (9th Cir. Sept. 9, 2008) (finding that Section 1325(a) was not a lesser-included offense of Section 1326(a) (unpublished); *Flores-Peraza*, 58 F.3d at 166-68 (same).

### III. CONCLUSION

Because the Magistrate Judge lacked the authority to conduct the trial of Diaz-Nin in this matter, the Court will vacate the August 8, 2008, judgment of conviction. An appropriate Order follows.

S_____
**Curtis V. Gómez**
**Chief Judge**